**Tovia LaFAELE, Plaintiff–Appellant,**

v.

**Arnold SCHWARZENEGGER, Defendant–Appellee.**

No. 09–15338.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2010.*

Filed March 8, 2010.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Tovia Lafaele, Vacaville, CA, pro se.

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Tovia LaFaele, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action challenging the ban on the use of tobacco products by inmates in California state prisons. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), and we affirm.

■ The district court properly dismissed the Eighth Amendment claim because LaFaele did not allege facts indicating that defendant was deliberately indifferent to a serious medical need. *See Toguchi v. Chung,* 391 F.3d 1051, 1057 (9th Cir.2004) (stating that a defendant acts with deliberate indifference only if he knows of and disregards an excessive risk to inmate health and safety).

■ The district court properly dismissed the due process claim because LaFaele did not allege facts showing that the ban on tobacco use imposed an "atypical and significant hardship on [him] in rela-

tion to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

■ The district court properly dismissed the equal protection claim because LaFaele is not a member of a suspect class, LaFaele has not shown that tobacco use is a fundamental right, and LaFaele's complaint indicates that the ban on tobacco use bears a rational relation to legitimate governmental objectives. *See Webber v. Crabtree,* 158 F.3d 460, 461 (9th Cir.1998) (per curiam).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).